IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SALIM HAJIANI,

    Plaintiff,

      v.

AIRTRAN AIRWAYS INC.
Corporation Service Company,

    Defendant.

CIVIL ACTION FILE
NO. 1:16-CV-3494-TWT

**OPINION AND ORDER**

This is a pro se civil rights action in which the Plaintiff Salim Hajiani alleges

that he was discriminated against because of his race when AirTran would not allow

him to board a flight. It is before the Court on the Defendant AirTran Airways'

Motion to Dismiss [Doc. 17]. For the following reasons, the Defendant's Motion to

Dismiss [Doc. 17] is GRANTED.

**I. Background**

The Plaintiff alleges that he purchased a ticket from AirTran for flight number

1110 from Atlanta, Georgia to San Francisco, California, departing on September 17,

2014.[1] On the day of the flight, the Plaintiff proceeded through security without any problems.[2] When he approached the gate to board the plane, the Plaintiff was allegedly told he would not be allowed on the plane because the employees did not "feel comfortable with him."[3] The Plaintiff alleges that he demanded to speak to a supervisor, who questioned the Plaintiff "about his background (race and religion)," and told him he would not be allowed on the plane.[4]

On September 16, 2016, the Plaintiff filed a handwritten complaint (the "Original Complaint").[5] The Original Complaint was only two pages in length and did not contain any factual allegations or legal claims against AirTran. In an order approving the Plaintiff's application to proceed *in forma pauperis*, the Magistrate Judge also ordered the Plaintiff to file a complete copy of his Complaint, noting that "the Complaint appears to be missing pages and currently contains no factual allegations."[6] In response, the Plaintiff then filed a new complaint ("Amended

---

[1]     Compl. at 6 [Doc. 8].

[2]     Id. at 6-7.

[3]     Id. at 7.

[4]     Id.

[5]     [Doc. 1].

[6]     Order Granting Application for Leave to Proceed in Forma Pauperis, at 1 [Doc. 2].

Complaint"), one which was entirely typed, that was received by the Clerk's office on September 30, 2016.[7] And then finally, the Plaintiff filed another complaint (the "Third Complaint") on October 11, 2016.[8] AirTran executed a waiver of service on November 22, 2016,[9] and filed its answer denying liability on December 19, 2016.[10]

The Plaintiff's Complaint seeks a declaratory judgment, an injunction, and compensatory and punitive damages for AirTran's alleged violations of: (1) 42 U.S.C. § 1981; (2) Title VI of the Civil Rights Act of 1964; and (3) the Georgia Civil Rights Act, 1964.[11] AirTran now moves to dismiss the Plaintiff's complaint, arguing that his federal law claims are barred by the statute of limitations, and that his state law claim does not exist.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[12] A complaint may survive

---

[7]     [Doc. 3].

[8]     [Doc. 8].

[9]     [Doc. 10].

[10]    [Doc. 11].

[11]    Compl. at 8-11 [Doc. 8].

[12]    Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[13] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[14] Generally, notice pleading is all that is required for a valid complaint.[15] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[16]

### III. Discussion

**A. § 1981 and Title VI Claims**[17]

AirTran first moves to dismiss the Plaintiff's federal claims, arguing that they are barred by the statute of limitations. Neither § 1981 nor Title VI has an established

---

[13]    Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[14]    See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[15]    See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[16]    See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[17]    See 42 U.S.C. § 1981; 42 U.S.C. § 2000d.

statute of limitation. "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law..."[18] In deciding which state statute of limitations to apply, "federal courts must first 'characterize the essence of the claim in the pending case.'"[19] The Supreme Court has held that "§ 1983 claims are best characterized as personal injury actions" for the purpose of determining the appropriate state statute of limitations.[20] Likewise, the Eleventh Circuit has held that the Plaintiff's Title VI claims are also best classified as personal injury actions.[21] The applicable statute of limitations for personal injury actions in Georgia is two years.[22]

The Plaintiff clearly filed the Original Complaint before the statute of limitations deadline.[23] However, because the Original Complaint contained no factual allegations or legal claims whatsoever, the question is whether the Amended Complaint and the Third Complaint relate back. The Magistrate Judge, believing the

---

[18]    Wilson v. Garcia, 471 U.S. 261, 266 (1985).

[19]    Byrd v. MacPapers, Inc., 961 F.2d 157, 159 (11th Cir. 1992) (quoting Wilson, 471 U.S. at 268).

[20]    Wilson, 471 U.S. at 280.

[21]    See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).

[22]    O.C.G.A. § 9-3-33.

[23]    The Plaintiff filed the Original Complaint on September 16, 2016. The statute of limitations ran out on September 17, 2016.

Original Complaint was missing pages, ordered the Plaintiff to re-file a complete complaint. The Amended Complaint did contain factual allegations and legal claims, but because it was typed, contained thirteen pages to the Original Complaint's two, and was not simply a reproduction of the Original Complaint, AirTran argues that it is a completely new complaint and should not relate back.

Rule 15(c) of the Federal Rules of Civil Procedure states that an amended pleading will relate back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading..."[24] This rule is generally permissive: "[a]s long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint *and the defendant was put on notice* of the claim by the first complaint, there will be no bar to amendment."[25] While courts must balance the rights of both plaintiffs and defendants, "[t]he critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted."[26] "[I]f the litigant has been advised at the outset of the general facts from

---

[24]    Fed. R. Civ. P. 15(c).

[25]    Williams v. United States, 405 F.2d 234, 237 (5th Cir. 1968) (emphasis added and quotations omitted).

[26]    Davenport v. United States, 217 F.3d 1341, 1345 n.8 (11th Cir. 2000) (quotations omitted).

which the belatedly asserted claim arises, the amendment will relate back even though the statute of limitations may have run in the interim."[27]

The problem, of course, is that the Original Complaint contained no facts whatsoever, either general or specific. In this way, the Original Complaint is analogous to the notice of right to sue letters in the employment discrimination context. In <u>Baldwin County Welcome Center v. Brown</u>, 466 U.S. 147 (1984), a plaintiff received a notice of right to sue from the Equal Employment Opportunity Commission that informed the plaintiff that if she desired to commence a civil action she must do so within 90 days.[28] The plaintiff filed the notice with the district court, but did not file a complaint that outlined the nature of her claim until well after the 90 day deadline had expired.[29] The Supreme Court eventually held that because the right to sue letter did not give the defendant notice of what her claim was, it was not an original pleading that could be rehabilitated by Rule 15(c).[30]

---

[27]   <u>Tri-Ex Enterprises, Inc. v. Morgan Guar. Trust Co. of N.Y.</u>, 586 F. Supp. 930, 932 (S.D.N.Y. 1984).

[28]   <u>Baldwin County</u>, 466 U.S. at 148.

[29]   <u>Id.</u> at 148-49.

[30]   <u>Id.</u> at 150 n.3. <u>Cf.</u> <u>Tri-State Enterprises</u>, 586 F. Supp. at 932 (finding that sufficient notice was given because of the issues framed in the original pleading).

Now, at first blush, the Original Complaint seems to be simply missing pages, as the first page ends with a heading for a preliminary statement before abruptly jumping to a conclusion at the start of page two. While the Court may have been inclined to allow the Plaintiff to re-file, correcting what seems to be a mistake, the Amended Complaint is clearly not a simple re-filing of the Original Complaint. Not only is it typed, but the text on the first page is also completely different. Rather than re-filing the Original Complaint, the Plaintiff took the opportunity to file a completely new one. Nor is this a situation where the Court has led the Plaintiff to believe that he has done everything required of him, as was the case in Carlile v. S. Routt Sch. Dist. RE 3-J, 652 F.2d 981 (10th Cir. 1981), despite the Magistrate Judge's order requiring the Plaintiff to re-file the Original Complaint. In Carlile, the district court told the plaintiff well before the 90 day deadline ran out that her filing of the right to sue letter commenced the action.[31] By contrast, the Plaintiff in this case took a calculated risk and waited until the penultimate day before the deadline expired to file his Original Complaint. And when given the opportunity to correct his mistake by re-filing his Original Complaint, he instead chose to file an entirely new one. This puts the Plaintiff in the company of the plaintiff in Baldwin County. "One who fails to act

---

[31]     Carlile, 652 F.2d at 983.

diligently cannot invoke equitable principles to excuse that lack of diligence."[32] In order to determine whether the Amended Complaint relates back to the Original Complaint, therefore, the Court can only look to the Original Complaint as filed.

Upon doing so, there is nothing that can be said to have put AirTran on notice of the Plaintiff's § 1981 and Title VI claims. The Original Complaint contains no legal claims or factual allegations, and there were no "general facts" for AirTran to have been made aware of. Because AirTran was not put on notice of the Plaintiff's claims by the Original Complaint, the Original Complaint is not considered an original pleading. The filing of the Amended Complaint is therefore considered the commencement of the action. Because the Amended Complaint was filed after the two year period of the applicable statute of limitations for the federal claims, the Plaintiff's federal claims are barred and must be dismissed.

**B. Georgia Civil Rights Act of 1964**

The Plaintiff has also asserted a state law claim alleging that AirTran violated the Georgia Civil Rights Act of 1964. Unfortunately for the Plaintiff, there is no Georgia Civil Rights Act of 1964. In support of his claim, the Plaintiff seems to be citing Section 2.90.030 of the Hall County Code, which appears to adopt certain

---

[32]    <u>Baldwin County</u>, 466 U.S. at 151.

portions of the federal Civil Rights Act.[33] Not only does this section of the Hall County Code relate to employment discrimination, which is not at issue here, but the Plaintiff also makes no allegations that any incident occurred in Hall County at all. As a result, the Plaintiff's claims for violation of the Georgia Civil Rights Act of 1964 are dismissed.

## IV. Conclusion

For the reasons stated above, the Defendant AirTran Airways' Motion to Dismiss [Doc. 17] is GRANTED.

SO ORDERED, this 17 day of May, 2017.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[33]     See HALL COUNTY, CODE § 2.90.030.